**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lowe's HIW, Inc., a Washington corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>Thomas James Civil Design Group, a California corporation dba Thomas Graham Civil Design group *et al*,<br><br>   Defendants.<br>_____<br>Kleinfelder, Inc., a California corporation,<br><br>   Cross-Claimant,<br><br>vs.<br><br>Mortimer, Inc., an Arizona corporation,<br><br>   Cross-Defendant.<br>_____ | No. CV 09-02481-PHX-MHM<br><br>**ORDER** |

  Currently pending before the Court is Defendant/Cross-Defendant Mortimer, Inc.'s ("Mortimer") Motion to Dismiss Kleinfelder, Inc.'s ("Kleinfelder") Cross-Claim for negligence and contribution. (Dkt. #134). After reviewing the pleadings and determining oral argument unnecessary, the Court issues the following Order.

///

## I. BACKGROUND

Plaintiff Lowe's HIW, Inc. ("Lowe's") is multi-national chain of retail home improvement and appliance stores. Lowe's is the second-largest retail home improvement chain in the United States. Defendant/Cross-Claimant Kleinfelder is a California-based design and geotechnical engineering firm which provides its design and engineering services to many large retailers throughout the United States. Lowe's hired Kleinfelder to provide design and engineering services to construct a Lowe's retail store in Prescott, Arizona ("the Project"). (Dkt. #64, pp. 14-15 ). Lowe's retained EMJ Corporation ("EMJ") to act as the Project's general contractor. (Id., p. 15). Defendant/Cross-Defendant Mortimer is an Arizona-based company which provides landscape and irrigation services. EMJ and Mortimer executed a subcontract agreement for Mortimer to install irrigation lines at the Project. (Id.). As part of the Project, EMJ, Mortimer, and other subcontractors constructed a Mechanically Stabilized Earth Retaining Wall ("MSE Wall"), which was completed in September 2007. (Id.).

On or about December 2, 2007, the MSE Wall suffered a series of failures. (Id.). Lowe's asked Kleinfelder to aid in the investigation of these failures and to develop remediation design plans to correct the problem. (Id., p. 16). While not included in the Cross-Complaint, Kleinfelder states in its Response that on or about February 25, 2008, Lowe's gave Kleinfelder a report of its investigation of the irrigation lines constructed by Mortimer that allegedly revealed negligent construction.[1] (Dkt. #154, p. 3). Kleinfelder also asserts in its Response that on or about June 23, 2008, a preliminary report was issued by Simpson, Grumpertz & Heger, a firm hired by Lowe's, to investigate the cause of the MSE

---

[1] The Parties have cited to numerous documents that are outside Kleinfelder's Cross-Complaint. It is well settled that when deciding a motion to dismiss for failure to state a claim, the Court will only consider facts and evidence presented originally in the complaint. See North Star Int'l v. Arizona Corp. Cmm'n, 720 F.2d 578, 581-82 (9th Cir. 1983). As such, the Court will neither consider the Exhibits cited to by the Parties nor convert this Motion to Dismiss into a Motion for Summary Judgment by reviewing any documents beyond the four corners of Kleinfelder's Cross-Complaint.

1 Wall failure.² (Id.). The Simpson Report allegedly claimed that, in part, the negligent design
2 by Kleinfelder and negligent construction by Mortimer were partially responsible for the
3 MSE Wall failure.³ (Id.). On February 5, 2009, Lowe's terminated Kleinfelder. (Dkt. #64,
4 p. 16). On November 30, 2009, Lowe's filed a lawsuit naming Kleinfelder, EMJ, Mortimer
5 and other subcontractors as defendants, and demanding payment for damages. (Dkt. #1).
6 On January 8, 2010, Kleinfelder filed a Cross-Complaint against its co-defendants, including
7 Mortimer, for negligence and contribution. (Dkt. #64). On February 16, 2010, Mortimer
8 filed a Motion to Dismiss Kleinfelder's Cross-Complaint pursuant to FED.R.CIV.P.12(b)(6),
9 which is the subject of this Order. (Dkt. #134).

## II.  LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under FED.R.CIV.P. 12(b)(6), Kleinfelder must allege facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Compare Wyler Summit P'shp v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998) ("[A]ll well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party") with Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) ("[T]he court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). "Threadbare recitals of the elements of a cause of action,

---

² While the Court acknowledges that the Parties do not dispute the existence of the February and June reports, the Court must note that neither document has been referenced in nor attached to the Cross-Complaint and therefore shall not be considered by the Court when ruling on Mortimer's Motion to Dismiss. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (In evaluating a motion to dismiss, a district court need not limit itself to the allegations in the complaint; but it may take into account any "facts that are [] alleged on the face of the complaint [and] contained in documents attached to the complaint.").

³ See *supra*, note 2 at 2.

supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."). However, "[a] dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle it to relief." Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).

## III. DISCUSSION

### A. Whether Kleinfelder's Cross-Claim for Negligence Is Barred by the Statute of Limitations

The basis of Mortimer's Motion to Dismiss Kleinfelder's Cross-Claim for negligence is that it is barred by the applicable statute of limitations. (Dkt. #134). In evaluating whether a claim is barred by the statute of limitations under Arizona law, the Court examines four factors: (1) when the cause of action accrued; (2) the applicable limitations period; (3) when the claim was filed; and (4) whether the limitations period was tolled or suspended. La Can. Hills Ltd. P'shp v. Kite, 171 P.3d 195, 197-98 (Ariz. Ct. App. 2008). Arizona law requires that actions involving injury to property "be commenced and prosecuted within two years after the cause of action accrues." A.R.S. § 12-542. To determine when a cause of action accrues, Arizona courts apply the "discovery rule" to claims arising from commercial disputes. See Gust, Rosenfeld & Henderson v. Prudential Ins. Co. Of Am., 898 P.2d 964, 967 (Ariz. 1995). Under the discovery rule, a cause of action does not accrue for limitations purposes until "the plaintiff knows or with reasonable diligence should know the facts underlying the cause." CDT, Inc. v. Addison, Roberts & Ludwig, C.P.A., P.C., 7 P.3d 979, 982 (Ariz. Ct. App. 2000) (quoting Doe v. Roe, 955 P.2d 951 (Ariz. Ct. App. 1998)). In addition, "[w]hen discovery occurs and a cause of action accrues are usually and necessarily questions of fact for the jury." Dube v. Likins, 167 P.3d 93, 99 (Ariz. Ct. App. 2007).

Here, Mortimer claims that the two-year statute of limitations period accrued on Kleinfelder's Cross-Claim for negligence in December 2007, when the MSE Wall failed. (Dkt. #134, p. 5). According to Mortimer, Kleinfelder would have been obligated to file its Cross-Claim by December 2009. Because Kleinfelder did not file its Cross-Claim until

1 | January 8, 2010, Mortimer claims that the statute of limitations expired and the negligence
2 | claim must be dismissed, as Kleinfelder either knew or should have known the facts
3 | underlying its cause of action against Mortimer when the MSE Wall failed in December
4 | 2007.

5 | In its Response, Kleinfelder claims not to have known the facts underlying Mortimer's
6 | alleged negligence until February 2008, when it received Lowe's first report about
7 | Mortimer's alleged negligence in constructing the irrigation lines at the Project. Kleinfelder
8 | therefore argues that the statute of limitations would not have began to run on its negligence
9 | cause of action until February 2008, which would make Kleinfelder's January 2008 Cross-
10 | Claim timely filed.

11 | The Court notes that under Arizona's discovery rule, when discovery occurs and a
12 | cause of action accrues for statute of limitations purposes are "usually and necessarily
13 | questions of fact for the jury." Dube, 167 P.3d at 99. Because the date of Kleinfelder's
14 | knowledge of the facts underlying its cause of action is a disputed issue of fact, it would be
15 | improper for the Court to resolve such a question at the motion to dismiss stage. Assuming
16 | all facts contained in Kleinfelder's well-pled Cross-Complaint are true, it appears to be
17 | plausible that Kleinfelder did not discover or have actual knowledge of the facts underlying
18 | Mortimer's alleged negligence until it received the February 2008 report from Lowe's. It
19 | would be improper to dismiss Kleinfelder's Cross-Claim for negligence on statute of
20 | limitations grounds before discovery has been completed and the Court has had the
21 | opportunity to review evidence that has been compiled to determine the existence of a
22 | genuine issue of material fact. See Iqbal, 129 S.Ct. at 1949. Mortimer's Motion to Dismiss
23 | Kleinfelder's Cross-Claim for negligence is accordingly denied, with leave to renew the
24 | argument at summary judgment.
25 | ///

## B. Whether Kleinfelder May Assert a Cross-Claim For Contribution

Mortimer additionally argues that because Arizona has "abolished" joint and several liability, contribution does not apply and therefore Kleinfelder cannot be held liable for Mortimer's alleged negligence. (Dkt. #134).

A right of contribution arises if two or more tortfeasors become jointly or severally liable for the same injury. A.R.S. §12-2501(A). Contribution attaches to all tort claims involving negligence, strict liability, or products liability. A.R.S. § 12-2509(A). As a threshold matter, a tortfeasor must be liable in tort to the plaintiff. The right of contribution arises in favor of a tortfeasor who has paid more than his or her *pro rata* share of the common liability. A.R.S. § 12-2501(B). Total recovery is limited to the amount the tortfeasor paid in excess of her *pro rata* share of liability. Id. Although payment is a condition of recovery on a contribution claim, the absence of payment is not grounds for dismissal. See, e.g., Markey v. Skog, 322 A.2d. 513, 517-518 (1974); Bd. of Educ. v. Standhardt, 458 P.2d 795, 799 (N.M 1969). A claim for contribution may be asserted as a cross-claim, counterclaim, or third-party claim, in the plaintiff's original action. See Ariz. R. Civ. P. 13(a), (g).

In 1984, Arizona's state legislature enacted the Uniform Contribution Among Tortfeasors Act ("The Act"), A.R.S. §§ 12-2501 to 12-2509. The Act states that "[i]n an action for personal injury, property damage or wrongful death, the liability of each defendant for damages is several only and is not joint, except as otherwise provided in this section." A.R.S. § 12-2506(A). The Act also provides exceptions where joint and several liability continues to apply, including when "[t]he other person was acting as an agent or servant of the party." A.R.S. § 12-2506(D)(2).

Under Arizona law, a principle is generally not liable for the negligent conduct of nonservant agents, or what are more commonly referred to as independent contractors. Restatement (Second) of Agency § 250; see Ford v. Revlon, Inc., 734 P.2d 580, 584-85 (Ariz. 1987) (en banc). However, the categories "independent contractor" and "agent" are not mutually exclusive. Ochoa v. J.B. Martin and Sons Farms, Inc., 287 F.3d 1182, 1189

1  (9th Cir. 2002). An independent contractor who is not a formal employee of a principal can
2  nevertheless still be that principal's agent. See Wiggs v. City of Phoenix, 10 P.3d 625, 628
3  (Ariz. 2000). Eight criteria are used to determine whether an actor is an independent
4  contractor or an employee: (1) the extent of control over the work and the degree of
5  supervision; (2) the distinct nature of the worker's business; (3) the occupation's required
6  specialization; (4) the provider of materials and the place of work; (5) the duration of
7  employment; (6) the method of payment; (7) the relationship of work done to the regular
8  business of the employer; and (8) the belief of the parties. Santiago v. Phoenix Newspapers,
9  Inc., 794 P.2d 138, 142 (Ariz. 1990). In addition, whether an employment relationship is
10 considered one of employer/employee or employer/independent contractor is generally one
11 of fact for the jury. De Montiney v. Desert Manor Convalescent Ctr., 695 P.2d 270, 273-74
12 (Ariz. Ct. App. 1984), vacated in part on other grounds, 695 P.2d 255 (Ariz. 1985).

Kleinfelder notes that Lowe's and the other defendants, including Mortimer, have referred to Kleinfelder's role in the Project as "supervisory" several times within the pleadings. (Dkt. #154, pp. 13-16). In the statement of facts in its Motion to Dismiss, Mortimer asserts that Kleinfelder was the "project engineer" for the construction of the Project. (Dkt. #134, p. 14). In another cross-claim lodged against Kleinfelder by EMJ, EMJ alleges that "Kleinfelder was in charge of the overall design of the project." (Dkt. #22, p. 13). Furthermore, a counter-claim asserted against Lowe's by Pacific Lock+Load, Inc. states that, "Kleinfelder was in charge of the overall design of the Project." (Dkt. #35, p. 17). In light of these and similar pleadings, Kleinfelder argues that if it was indeed exercising a supervisory role and a certain degree of control over the execution of its design and engineering plans, then Kleinfelder might be considered to have directed the work that Mortimer and the other subcontractors performed, even though Mortimer appears to lack a contractual relationship with Kleinfelder. Kleinfelder argues that such direction may indicate that it was acting as a principle, and that Mortimer, who was implementing Kleinfelder's designs, was acting as its agent. See Santiago, 794 P.2d at 142. Although the Court has reservations regarding the overall feasability of Kleinfelder's proffered theory of joint and

several liability and contribution, it must note that at this stage of the litigation it would be improper to review conflicting facts, as the Court would normally do at summary judgment. While the issue is somewhat close, when taking the factual allegations contained in Kleinfelder's well-pled Cross-Complaint as true, it is plausible that Kleinfelder might be subject to joint and several liability due to the possibility that its potentially supervisory role in the Project gave rise to an agency relationship with Mortimer. As such, Mortimer's Motion to Dismiss Kleinfelder's Cross-Claim for contribution is denied. The Court notes that the contribution issue may be raised again at summary judgment after the underlying facts have been more fully developed through the discovery process.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Mortimer's Motion to Dismiss. (Dkt. #36).

**IT IS FURTHER ORDERED** granting Lowe's Motion for a Rule 16 Case Management Conference. (Dkt.#240).

**IT IS FURTHER ORDERED** setting a Rule 16 Case Management Conference in United States District Court for the District of Arizona on July 22, 2010 at 4:00 p.m. Counsel who do not maintain an office within Phoenix are granted permission to appear by telephone, but must coordinate a conference call with the Court by calling chambers.

DATED this 7th day of July, 2010.

_____
Mary H. Murguia
United States District Judge